FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DR. CYRIL KENDALL, The World's Most
Suigenesis Man,

                    Plaintiff,

-against-

BARRACK HUSAIN OBAMA, President of
the United States of America; LORETTA LYNCH,
Attorney General of the United States of America;
MAUREEN BAIRD, Warden, Metropolitan
Correctional Center; ASK-CARLSON, Warden,
Metropolitan Detention Center; H. QUAY, Warden,
Metropolitan Detention Center; OLMO, Lieutenant,
Metropolitan; M.A. FACEY, Unit Manager
Metropolitan Detention Center; FRAZIER, Lieutenant,
Metropolitan Detention Center; DR. MICHAEL
BORECKY, Metropolitan Detention Center;
CHRISTINE NEMET[1], AHSA Metropolitan Detention
Center; MARILYN GARCIA, Nurse, Metropolitan
Detention Center; BRIAN GERSON, MS/NP-C,
Metropolitan Detention Center; DAVID UNGER,
Superintendent of Wyoming Correctional Facility;
SANFORD BUNN, Acting Superintendent of Wyoming
Correctional Facility; GREG MOHRING, Nursing
Administrator Wyoming Correctional Facility,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16 Civ. 5596 (AMD)(LB)

**ANN M. DONNELLY**, District Judge:

      Plaintiff Cyril Kendall, currently incarcerated at the Metropolitan Detention Center ("MDC"), brings this *pro se* action under 42 U.S.C. § 1983. He alleges that he was denied proper medical care and adequate accommodations both during his transfer to the MDC and while he

---

[1] In the body of his complaint, the plaintiff refers to this individual as Christine Nemeti, not Christine Nemet. The Court will refer to the defendant as Christine Nemeti herein.

1

was held there.[2] The plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted.

For the reasons discussed below, the plaintiff's claims against President Barack Obama, Attorney General Loretta Lynch, Maureen Baird, Warden, Metropolitan Correctional Center, Ask-Carlson, Warden, Metropolitan Detention Center, H. Quay, Warden, Metropolitan Detention Center, David Unger, Superintendent of Wyoming Correctional Facility and Sanford Bunn, Acting Superintendent of Wyoming Correctional Facility are dismissed.

The plaintiff's claims against Lieutenant Olmo, M.A. Facey, Unit Manager, Metropolitan Detention Center, Lieutenant Frazier, Metropolitan Detention Center, Dr. Michael Borecky, Metropolitan Detention Center, Christine Nemeti, AHSA Metropolitan Detention Center, Marilyn Garcia, Nurse at Metropolitan Detention Center, Brian Gerson, MS/NP-C, Metropolitan Detention Center and Greg Mohring, Nursing Administrator Wyoming Correctional Facility will proceed.

## I. Background

On February 23, 2015, the plaintiff was transferred from the Wyoming Correctional Facility to the Metropolitan Correctional Center ("MCC"). Compl. at 20. On March 2, 2015, the plaintiff was transferred to the MDC. *Id.* at 23. The plaintiff alleges deliberate indifference to his safety and medical needs throughout the transfer and after his arrival, *Id.* at 22-29, particularly with respect to medication that the plaintiff takes regularly to treat "[d]iabetes, high blood pressure, symptoms associated with Parkinson's disease and…cholesterol." *Id.* at 13.

First, the plaintiff alleges that defendant Greg Mohring, Nursing Administrator at the Wyoming Correctional Facility, failed to provide the plaintiff with medication for his transfer

---

[2] This complaint was transferred to this Court from the United States District Court for the Southern District of New York by Order dated September 30, 2016.

2

from Wyoming to New York. *Id.* at 20, 31. The plaintiff alleges that he felt "very sick" from "[n]ot having any of his chronic care medications" for nine days. *Id.* at 22-23.

Second, the plaintiff alleges that when he arrived at the MDC, defendant Dr. Michael Borecky refused to provide the plaintiff with his regular medication and refused to provide the plaintiff with emergency treatment, thereby causing the plaintiff to be hospitalized on March 4, 2015, for a period of seven weeks. *Id.* at 5, 7, 32. Additionally, the plaintiff alleges that Dr. Borecky forged medical records "to cover up" his failure to provide adequate care. *Id.* at 6-7; *see also id.* at 33-34. According to the plaintiff, Dr. Borecky continued to refuse the plaintiff necessary medical care in the following months. *See id.* at 37-38.

Third, the plaintiff alleges that prison officials placed him in an unsafe housing situation and then solitary confinement. *See id.* at 40, 44. According to the plaintiff, on May 22, 2015, defendant Unit Manager M.A. Facey, "exposed plaintiff to assault" by housing him with a "young[,] dangerous[,] known, criminal" who "choked[] and assaulted" the plaintiff. *Id.* at 17; *see also id.* at 44. Subsequently, defendant Lieutenant Olmo placed the plaintiff in solitary confinement due to "an allegation of fighting" and denied him his medication. *Id.* at 9. The plaintiff alleges that he reported this issue to defendant Nurse Marilyn Garcia, who refused to get involved. *Id.* at 9, 15.

Fourth, the plaintiff alleges that after he was denied his medication for eight days, on May 30, 2015, defendant Lieutenant Frazier found the plaintiff unconscious in his solitary confinement cell. *Id.* at 10. The plaintiff alleges that, on the advice of Dr. Borecky, Lieutenant Frazier told "the transporting ambulance technicians" and hospital staff that the plaintiff had a seizure. *Id.* at 18. The plaintiff asserts that he has never had a seizure and that Dr. Borecky's instructions caused him to be treated and "poisoned with seizure medication." *Id.* at 11; *see also*

3

*id.* at 35-36. Furthermore, the plaintiff alleges that on May 30, 2015, defendant Christine Nemeti, whom Dr. Borecky supervised, confiscated his wheelchair. *Id.* at 14, 45.

Finally, the plaintiff alleges that on September 17, 2015, another defendant and MDC staff member, Brian Gerson, forged his medical records. *Id.* at 16, 43. The plaintiff seeks money damages. *Id.* at 47-56.

## II. Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court must read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Of course, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner

4

complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

**III. Discussion**

The plaintiff has not alleged facts that support claims against several of the named defendants. Personal involvement of the defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

"Personal involvement" may be established by evidence that a supervisor participated directly in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003).

Here, the plaintiff has not alleged the personal involvement of the following individuals: President Barack Obama, Attorney General Loretta Lynch, Maureen Baird, Warden,

Metropolitan Correctional Center, Ask-Carlson, Warden, Metropolitan Detention Center, H. Quay, Warden, Metropolitan Detention Center, David Unger, Superintendent of Wyoming Correctional Facility and Sanford Bunn, Acting Superintendent of Wyoming Correctional Facility.

There is nothing in the complaint to suggest these defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make them liable. Accordingly, the claims against these defendants must be dismissed.

### IV. Conclusion

All claims against President Barack Obama, Attorney General Loretta Lynch, Maureen Baird, Warden, Metropolitan Correctional Center, Ask-Carlson, Warden, Metropolitan Detention Center, H. Quay, Warden, Metropolitan Detention Center, David Unger, Superintendent of Wyoming Correctional Facility and Sanford Bunn, Acting Superintendent of Wyoming Correctional Facility are dismissed. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

The plaintiff's claims against Lieutenant Olmo, M.A. Facey, Unit Manager, Metropolitan Detention Center, Lieutenant Frazier, Metropolitan Detention Center, Dr. Michael Borecky, Metropolitan Detention Center, Christine Nemeti, AHSA Metropolitan Detention Center, Marilyn Garcia, Nurse at Metropolitan Detention Center, Brian Gerson, MS/NP-C, Metropolitan Detention Center and Greg Mohring, Nursing Administrator Wyoming Correctional Facility shall proceed. The United States Marshal Service is directed to serve the summons, complaint, and this Order upon these defendants without prepayment of fees.

The Clerk of Court is respectfully directed to send a copy of this Order to the plaintiff. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 22, 2016